HOLMES, Judge.
This is an appeal from the trial court’s action in refusing to set aside a periodic alimony modification obtained by default. The wife appeals and we affirm.
The husband and wife obtained their original divorce decree in June 1985. Nine months later the husband petitioned the circuit court to modify the original decree by reducing the alimony payments from $500 per month to $200 per month. A hearing was held, in which the wife failed to appear. After hearing testimony from the husband, the trial court entered a default judgment, reducing the alimony award.
Subsequent to the default judgment but within thirty days, the wife moved to set aside the default. After a hearing the trial court denied the wife’s motion to set aside the default judgment.
As indicated, the wife appeals and we affirm.
The dispositive issue is whether the trial court abused its discretion in refusing to set aside the default judgment.
Setting aside a default judgment rests within the sound discretion of the trial court. Rule 55(c), Alabama Rules of Civil Procedure. We will not overturn the trial court’s decision unless there is a clear abuse of that discretion. Holt v. David G. Steven, Inc., 416 So.2d 1071 (Ala.Civ.App. 1982).
The record reveals that the wife admitted that she had been served with the modification petition and that she was aware of the hearing date. The evidence further reveals that there had been a substantial change in circumstances since the initial divorce decree. The evidence showed that the husband’s income had been reduced and that his expenses had increased.
In view of the evidence above, we cannot say that the trial court abused its discretion in denying the wife’s motion to set aside the default judgment.
The wife also contends that a “conflict of interest” existed. She alleges that the law firm representing the husband in the proceeding to modify also represented the wife in the original divorce proceedings.
It appears from the record that the husband and wife “settled between themselves” concerning the original divorce decree. The record before this court does not reveal any information that may have been imparted to the attorney during the original divorce proceedings that was utilized in any manner as to the issues raised in the petition to modify. Assuming, without so deciding, that a conflict did exist, it does not appear from the record that the wife either actually or probably suffered any injury or disadvantage.
Additionally, we note that, in order to obtain relief from a default judgment, one must allege and prove a meritorious defense. Savage v. Wright, 439 So.2d 120 (Ala.1983). No such proof having been made, the trial court did not abuse its discretion in denying the wife’s motion to set aside the default judgment.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.