This is an appeal from a default judgment in a personal injury action. The issues presented are 1) whether settlement negotiations between the plaintiff and the defendant's insurance adjuster before the complaint was filed constituted an "appearance" on behalf of the defendant so that he was entitled to the three-day notice provided in Rule 55(b)(2), Ala.R.Civ.P., and 2) whether the trial judge abused his discretion in refusing to set the default judgment aside.
We hold that the settlement negotiations conducted prior to the date the suit was filed did not constitute an "appearance"; however, we do hold that the trial judge abused his discretion in refusing to set aside the default judgment.
 FACTS
The plaintiff, Donna Martin, was involved in a traffic accident with the defendant, Walter Lee III. After some settlement negotiations with Lee's insurance adjuster, David Moody, plaintiff filed suit. The complaint was filed on May 30, 1986, and service of process was perfected on June 26, 1986. No response was filed, and a $100,000 default judgment was entered on August 19, 1986. On December 23, 1986, Martin demanded payment of the judgment from Lee. In response, Lee filed on December 24, 1986, a Rule 60(b), Ala.R.Civ.P., motion for relief from judgment. In a supporting affidavit filed with that motion, the adjuster, Moody, asserted that he had been in the process of moving his insurance office from one location to another, and that the summons and complaint were accidentally put in a box with closed files and were not discovered until he learned that Martin had demanded payment. *Page 186 
The trial court denied the Rule 60(b) motion, and the defendant appeals from that denial.
 I.
Defendant Lee contends that Martin's failure to give the three-day written notice required by Rule 55(b)(2) renders the default judgment void. His argument is based upon his claim that he had "constructively appeared" in the action by entering into settlement negotiations with Martin before the suit was filed.
Rule 55(b)(2) provides:
 "(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered (A) against an infant, or (B) against an incompetent person, unless represented in the action by a general guardian or other representative as provided in Rule 17(c) who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application, provided, however, that judgment by default may be entered by the court on the day the case is set for trial without such 3 days notice." (Emphasis added.)
Defendant Lee relies upon this Court's case of Hen House,Inc. v. Robertson, 410 So.2d 42 (Ala. 1982), and the leading federal case of H.F. Livermore Corp. v. AktiengesellschaftGebruder Loepfe, 139 U.S.App. D.C. 256, 432 F.2d 689 (D.C. Cir. 1970), which is cited in Hen House, in support of his argument that he had constructively appeared in the proceeding.
Of course, whether a defendant's acts amount to an "appearance" within the meaning of Rule 55 depends upon the facts and circumstances presented in each case. In Alabama, the general rule relating to an "appearance" is stated inCockrell v. World's Finest Chocolate, Inc., 349 So.2d 1117,1120 (Ala. 1977), as follows:
 "An appearance in an action involves some submission or presentation to the court by which a party shows his intention to submit himself to the jurisdiction of the court. Port-Wide Container Co., Inc. v. Interstate Maintenance Corp., 440 F.2d 1195
(3rd Cir. 1971); H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 139 U.S.App.D.C. 256, 432 F.2d 689 (1970); Anderson v. Taylorcraft, Inc., 197 F. Supp. 872 (W.D.Pa. 1961). See also Wright Miller, supra at § 2686; Anno., 27 A.L.R.Fed. 620; Anno., 73 A.L.R.3d 1250."
In Hen House, this Court held that the filing of another action in the same court, involving the same subject matter as the suit in which a default judgment was obtained, was a "constructive appearance." Recently, in Western Union TelegraphCo. v. Crowder, [Ms. 87-415, August 26, 1988] (Ala. 1988), the Court, rejecting the Livermore rationale, held that correspondence between plaintiff's and defendant's counsel, concerning settlement of the case and an extension of time to answer the complaint, did not constitute an "appearance." The Court noted that in each Alabama case in which an appearance had been found, some writing had been filed in court to indicate an intention to defend the action. As can readily be seen, the import of our cases is that settlement negotiations conducted prior to, or after, the date the suit is filed cannot constitute an "appearance" so as to invoke the three-days' notice requirement of Rule 55(b)(2).
We have also reviewed the cases of Dial v. State,374 So.2d 361 (Ala.Civ.App. 1979), and Evans v. Evans, 441 So.2d 948
(Ala.Civ.App. 1983), but we find those cases distinguishable on their facts.
 II.
The trial court's refusal to set aside the default judgment in the present case was an abuse of discretion. See Ex parteIllinois Central Gulf R.R. v. Norton, 514 So.2d 1283 (Ala. 1987); Kirtland v. Fort Morgan Authority Sewer Service, Inc.,524 So.2d 600 (Ala. 1988); and Jones v. Hydro-Wave *Page 187 of Alabama, Inc., 524 So.2d 610 (Ala. 1988). For this reason, the judgment denying the Rule 60(b) motion is reversed and the cause remanded. The trial court is instructed to set aside the default judgment and to allow the defendant a reasonable time within which to file his answer and counterclaim that he attempted to file after the default judgment was entered.
REVERSED AND REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and JONES, SHORES, ADAMS and STEAGALL, JJ., concur.
MADDOX and BEATTY, JJ., concur in part and dissent in part.