L. CHARLES WRIGHT, Retired Appellate Judge.
This is an appeal of the circuit court’s denial of a motion to set aside a judgment of divorce entered after default.
The wife filed suit for divorce on the grounds of incompatibility of temperament and an irretrievable breakdown of the marriage. The husband counterclaimed for divorce on the same grounds.
The case was originally set for trial on December 7, 1987, but for reasons undisclosed by the record, two continuances were granted. The case was set for trial on January 20, 1988. On the date of the trial, the husband appeared. The wife failed to appear in person, but her attorney was present. After hearing testimony from the husband on the issue of grounds for divorce, the court entered a default *34 judgment against the wife and granted the divorce on the grounds of an irretrievable breakdown of the marriage. The husband and the wife subsequently entered into an agreement settling all remaining issues, including property division.
The wife filed a motion to set aside the judgment as to the grounds for divorce. Following a hearing on the motion, the trial court denied it. The wife appeals.
The wife’s brief does not adequately present the issue for our review or any reasoned argument stating her contentions. The motion to set aside the default judgment is not in the record. We have reviewed the transcript of the motion hearing. It appears to this court that the wife objects only to the grounds of divorce which were entered by the January 20, 1988, default judgment. The wife does not seek to have the final decree of divorce set aside. The basis for the wife’s motion is that she is a member of the Church of Christ, and pursuant to her religious convictions, she believes that the only approved ground for divorce is adultery.
The dispositive issue before us is whether the trial court abused its discretion in denying the wife’s motion to set aside the default judgment of divorce. Rule 55(c), Alabama Rules of Civil Procedure.
The grant or denial of a motion to set aside a default judgment rests largely within the trial court’s discretion. Cross v. Cross, 507 So.2d 953 (Ala.Civ.App.1987). Where there is no abuse of discretion and especially where denial of such a motion comes after a full hearing, we will not disturb the trial court’s decision. Miller v. Miller, 508 So.2d 284 (Ala.Civ.App.1987).
Following a full hearing on the motion, the trial court denied the motion to set aside the default judgment and found the following:
“It is admitted by the parties that both of them desire a divorce. The objection of the plaintiff, and the basis for her motion to set aside the divorce, is that she has a personal, and presumably, a sincere belief that adultery is the only approved ground for divorce. This belief is based upon her religious conviction and is not taken lightly by the court; however, in reviewing the pleadings of the parties, both the complaint and the counterclaim allege only an incompatibility of temperament and an irretrievable breakdown of the marriage, not adulterous conduct.
[[Image here]]
“Under the circumstances, it is the opinion of the court that this matter should be disposed of at this point. Even if adultery could be proven, certainly such acts would cause an irretrievable breakdown of the marriage. It is therefore ADJUDGED that the plaintiff’s motion to set aside the judgment herein is hereby overruled.”
We cannot say that the trial court abused its discretion in denying the motion to set aside the default judgment.
Additionally, one must allege and prove a meritorious defense in order to obtain relief from a default judgment. Cross, 507 So.2d 953. Here, there are no allegations or proof of any type of defense. The trial court did not abuse its discretion in denying the motion;
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the judges concur.