This is an appeal from a judgment refusing to set aside a default judgment against Appalachian Stove and Fabricators, Inc. ("Appalachian").
The issue before us is whether the trial court abused its discretion in denying Appalachian's motion for relief from the default judgment under Rule 60(b)(6), Ala.R.Civ.P.
In 1985, a residence owned by David Roberts and insured by Nationwide Fire Insurance Company ("Nationwide") was partially destroyed by fire caused by a "defective chimney." An investigation by Nationwide revealed that the fire was caused by the negligent or wanton installation, or defectiveness, of the chimney and fireplace unit. The chimney and fireplace unit was installed by Tommy Thrasher, individually and doing business as Defiance Stove and Fan Shop ("Defiance"), and was manufactured by Appalachian.
Thirteen months after the fire, Roberts and Nationwide ("Plaintiffs") sued Defiance. Plaintiffs' counsel informed Appalachian by letter that it would be added as a party defendant if a settlement could not be reached. In a subsequent letter, plaintiffs' counsel notified Appalachian that the complaint had been amended to add it as a party defendant. On that same date, Appalachian was served by certified mail with a copy of the complaint. After such notification, Appalachian's president promptly hand-delivered a copy of the letters from plaintiffs' counsel and a copy of the complaint to Sutherland Insurance Realty Company ("Sutherland"), an agent or representative of the CIGNA Company.[1] Immediately thereafter, Appalachian's president wrote plaintiffs' counsel, stating that he had received their letter and had turned the matter over to Appalachian's insurance carrier. At the same time, CIGNA, which had received copies of the letters and the complaint from Sutherland, notified Sutherland by letter that Appalachian's claim was not covered, because it did not occur during the policy period. Neither Sutherland nor CIGNA notified Appalachian of the non-coverage, the denial of the claim, or that CIGNA would file no responsive pleading. Appalachian, believing that the matter had been handled properly by its insurance company, took no further action; no responsive pleading was filed nor any appearance entered. As a result, a default judgment was entered against Appalachian in the amount of $54,430.34. Appalachian first became aware of the judgment when it received a letter from plaintiffs' counsel demanding payment, more than four months after entry of the judgment. After receipt of this letter and after inquiry to its insurance carrier, Appalachian learned that its claim had been denied and that CIGNA had not defended it in the lawsuit. Appalachian promptly petitioned for relief from the default judgment pursuant to Rule 60(b)(6), Ala.R.Civ.P., which allows relief from a judgment for "any other reason justifying relief from the operation of the judgment," and which provides that "[t]he motion shall be made within a reasonable time."
Relief under Rule 60(b)(6) is reserved for extraordinary circumstances and is available only in cases of extreme hardship or injustice. Cassioppi v. Damico, 536 So.2d 938 (Ala. 1988); Smith v. Clark, 468 So.2d 138 (Ala. 1985). It is designed to operate exclusively of the specific grounds listed in Rule 60(b)(1)-(5). See Cassioppi v. Damico, supra. Relief cannot be obtained under Rule 60(b)(6) if it would have been available *Page 895 
under Rule 60(b)(1), (2), (3), (4), or (5). Id.; see also Hillv. Townsend, 491 So.2d 237 (Ala. 1986); Ex parte HartfordInsurance Co., 394 So.2d 933 (Ala. 1981).
The trial court, in the instant case, found that "[a]n analysis of the grounds stated for relief . . . makes it abundantly clear that the grounds on which the defendant [Appalachian] relies are those authorized by Rule 60(b)(1) for mistake, inadvertence, surprise, or excusable neglect" and that a motion may not be granted under Rule 60(b)(6) on grounds enumerated in Rule 60(b)(1). Where a judgment is attacked by motion on grounds enumerated in Rule 60(b)(1)-(3), the motion must be made not more than four months after the judgment or order was entered. Therefore, the trial court denied Appalachian's Rule 60(b)(6) motion, because more than four months had run from the date of the default judgment to the date that Appalachian filed its motion. Appalachian's subsequent petition for reconsideration was denied.
It is well established that the decision to grant or to deny relief pursuant to a Rule 60(b) motion is discretionary with the trial court. Smith v. Clark, supra; Textron, Inc. v.Whitfield, 380 So.2d 259 (Ala. 1979). In reviewing the trial court's ruling on such a motion, we cannot disturb the trial court's decision unless there is evidence that the trial court abused that discretion in denying the motion. See Baker v.Ball, 473 So.2d 1031 (Ala. 1985); Textron, supra.
In Kirtland v. Fort Morgan Authority Sewer Service, Inc.,524 So.2d 600 (Ala. 1988), the Court outlined the general policy considerations to be weighed when determining whether a default judgment should be set aside:
 "[W]hen exercising discretionary authority pursuant to Rule 55(c), a trial judge should start with the presumption that cases should be decided on the merits whenever practicable. . . . The Alabama Constitution and our past opinions construing the default judgment rule support the conclusion that the interest in preserving a litigant's right to a trial on the merits is paramount and, therefore, outweighs the interest of promoting judicial economy. We have repeatedly held that the trial court's use of its discretionary authority should be resolved in favor of the defaulting party where there is doubt as to the propriety of the default judgment. . . . We have affirmatively acknowledged the disfavorable treatment afforded default judgments on the ground that such judgments preclude a trial on the merits. . . . We, therefore, emphatically hold that a trial court, in determining whether to grant or to deny a motion to set aside a default judgment, should exercise its broad discretionary powers with liberality and should balance the equities of the case with a strong bias toward allowing the defendant to have his day in court." (Citations omitted, emphasis added).
Id. at 604-05. The Court in Kirtland established a three-factor analysis for the trial court to apply when considering whether to set aside a default judgment:
 "[W]e hold that a trial court's broad discretionary authority under Rule 55(c) should not be exercised without considering the following three factors: 1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct. . . ." (Citations omitted.)
Id. at 605; see also Jones v. Hydro-Wave of Alabama, Inc.,524 So.2d 610 (Ala. 1988); Ex parte Illinois Central Gulf R.R.,514 So.2d 1283 (Ala. 1987).
The precedent established by Kirtland, Jones v. Hydro-Wave, and Ex parte Illinois Central Gulf R.R., applicable to motions to set aside default judgments pursuant to Rule 55(c), Ala.R.Civ.P., was cited as authority by the Court in Lee v.Martin, 533 So.2d 185 (Ala. 1988), when we reversed the trial court's denial of a Rule 60(b)(6) motion to set aside a default judgment.[2] *Page 896 
We must look to the record to see if Appalachian's Rule 60(b) motion was in fact based on those grounds enumerated in Rule 60(b)(1). If so, we cannot allow it to be improperly termed a Rule 60(b)(6) motion in an effort to avoid the four-month time restriction. Hill v. Townsend, supra. If this had been an action against CIGNA or Sutherland, it would have definitely fit the grounds enumerated in Rule 60(b)(1). However, the negligence of the insurer in not properly handling the claim cannot be visited upon Appalachian. Here, the suit was against Appalachian, which erroneously believed that it had taken the proper steps to handle the claim against it.
We note the similarities between the facts of the case before us and those found in Lee. The plaintiff in Lee filed suit following settlement negotiations with the defendant's insurance adjuster. The defendant gave the summons and complaint to his insurance adjuster, who accidentally misplaced them while in the process of moving his insurance office. Reasonably assuming the claim to have been properly handled, the defendant took no further action. Thereafter, a default judgment was entered. More than four months after the default judgment, the plaintiff demanded payment from the defendant. This was the first notice the defendant had that the matter had not been handled by his insurance carrier. The defendant promptly filed a petition for relief from judgment in accordance with Rule 60(b)(6). In Lee, we held that the trial court's refusal to set aside the default judgment was an abuse of discretion.
This case can be distinguished from Lee. By Appalachian's own admission, and as indicated by the record before us, Appalachian failed to turn over the claims information to the proper insurance carrier — the one who provided coverage at the date of the loss. Rather, Appalachian hand-delivered the information to the wrong insurance carrier — the one who had provided coverage for the period of time during which the chimney unit was manufactured and was sold to the distributor, but whose coverage had expired by the date of the loss.
If Appalachian had taken the summons and complaint and the letters from plaintiffs' counsel to its proper insurance carrier, as did the appellant in Lee, it would have done all that it was required to do and it could have reasonably and correctly assumed that the insurance carrier had properly defended it as required. Consequently, the negligence would not have been on the part of Appalachian, but on the part of the insurer, to whom Appalachian would have properly relinquished the duty and the responsibility to properly handle the claim. If these were in fact the circumstances in the instant case, we would conclude that Appalachian's Rule 60(b) motion was a timely filed Rule 60(b)(6) motion. However, by Appalachian's own admission, it hand-delivered all the material regarding the claim to the wrong insurance carrier. Appalachian's failure to turn the material over to the proper insurance carrier evidenced neglect, inadvertence, or mistake. Appalachian's Rule 60(b)(6) motion relied on those grounds enumerated in Rule 60(b)(1).
Accordingly, the trial court properly denied Appalachian's Rule 60(b) motion because it came "too late" — more than four months from the date of the default judgment.
If the facts in this case were indistinguishable from those in Lee, where the negligence was that of the insurer, not the insured, Appalachian still could not prevail under a Rule 60(b)(6) motion, because it did not adequately demonstrate the existence of a meritorious defense, as set forth in Kirtland, supra.[3] *Page 897 
"To meet the meritorious-defense element, [Appalachian] need not satisfy the trial court that [Appalachian] would necessarily prevail at trial on the merits, only that [Appalachian] is prepared to present a plausible defense."Ex parte Illinois Central Gulf R.R., supra. When construing the term "meritorious defense," the Court in Kirtland, quoting fromMoldwood Corp. v. Stutts, 410 F.2d 351, 352 (5th Cir. 1969), stated:
 " 'It is universally recognized as an essential to the obtaining of relief from a default judgment entered with jurisdiction that there should appear in the motion a clear and specific statement showing, not by conclusion, but by definite recitation of facts, that an injustice has been probably done by the judgment, in that the debt or demand was not owing; that there was a valid defense to it, and that on another trial there will in reasonable probability be a different result. All of the authorities require at least this much.' " (Emphasis added.)
524 So.2d at 606.
To show the existence of a meritorious defense, Appalachian had to allege sufficient facts or produce enough evidence to counter the plaintiffs' claims. Appalachian failed to do this, either in its motion to set aside the default judgment or in its affidavit supporting that motion. In its motion and supporting affidavit, Appalachian alleged a meritorious defense in a conclusory manner, by stating that it had a "good, meritorious and valid defense for the claims made by the plaintiffs herein" and that it desired and should be entitled to the opportunity to its "day in court" to assert that defense. Such a conclusory statement of a meritorious defense is insufficient. See Jones v. Hydro-Wave, supra Kirtland v.Fort Morgan Authority, supra. In its amended motion and supporting affidavit, Appalachian merely incorporated by reference its original motion and all affidavits and exhibits attached thereto. The only other factual information given in the motions and supporting affidavits related to the events concerning Appalachian's delivery of the claim to the wrong insurance carrier and that carrier's failure to notify Appalachian of its non-coverage. Those facts did not constitute a meritorious defense in accordance with the standard set forth in Kirtland, supra. Those facts did not provide the trial court with a sufficient factual basis on which to conclude that the result of the case could conceivably be different if it were adjudicated on the merits. See Jones v. Hydro-Wave, supra.
We note Appalachian's argument in its brief that the presence of a meritorious defense appeared in the plaintiffs' pleadings and that such a defense was advanced by Appalachian's counsel at the Rule 60(b)(6) motion hearing.[4] It argues that, under these circumstances, even if nothing further were proved at trial, sufficient evidence exists in the record to warrant submission to a jury and therefore meet the meritorious-defense requirement. We disagree. A showing of such a defense had to be set forth in Appalachian's Rule 60(b)(6) motion or supporting affidavits, not in its argument in its brief regarding the plaintiffs' pleadings or in its argument at the motion hearing.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
HORNSBY, C.J., and SHORES, STEAGALL and KENNEDY, JJ., concur.
[1] CIGNA was the fire insurance carrier that insured Appalachian at the time the stove in question was manufactured and sold to the distributor. The policy period with CIGNA became effective on August 17, 1984, and expired on August 17, 1985. However, a different insurance carrier, Pennsylvania Manufacturer's Association Insurance Company, insured Appalachian on the date of the loss, which was December 14, 1985.
[2] A trial court's discretionary authority under Rule 60(b) is much broader than it is under Rule 55(c). Cassioppi v. Damico, supra; see also Kirtland, supra.
[3] From the record before us, we see no evidence that Appalachian committed any willful act that would constitute culpable conduct and bar it from having the judgment set aside.Kirtland, supra.
There is no evidence that the plaintiffs would suffer substantial prejudice if the default judgment were set aside.Id. The trial court had already entered a default judgment against Defiance in the same amount as that against Appalachian.
[4] That meritorious defense, as asserted by Appalachian, was that the plaintiffs' complaint and affidavit supporting the entry of the default judgment named several defendants and several possible causes for the plaintiffs' loss. *Page 898