ROBERT P. BRADLEY, Retired Appellate Judge.
This case arises from an action to collect on guaranteed student loans.
On April 18, 1988 the Alabama Commission on Higher Education (ACHE) filed suit in the Circuit Court of Walker County against Patricia Sims and her daughter/co-defendant, Angela Sims. ACHE sought to collect on three guaranteed student loans issued to Angela Sims for which Patricia Sims had allegedly cosigned.
Service of process was attempted by certified mail to both defendants at their respective addresses as listed on the complaint. The service was returned unclaimed. An alias complaint filed on October 27, 1988 listed two alternative addresses for the defendants. A deputy of the Walker County Sheriffs Department served process at one of the addresses on October 28, 1988. The defendants did not respond to the complaint. ACHE filed applications for default judgments as to each defendant on February 22, 1989. Entry of default was made by the clerk of the court and default judgment against Patricia Sims was entered on April 4,1989 for the sum of $7,360.81. An order of judgment was entered against Angela Sims on April 14, 1989 for the same amount. An execution was filed on June 8, 1989 and was returned “no property found” on August 10, 1989. On May 19, 1990 ACHE filed a process of garnishment on Patricia Sims’s bank account. Shortly thereafter, Patricia Sims filed a motion for relief from default judgment, a motion to set aside judgment, a motion to dismiss, a declaration of claimed exemptions, and a motion for stay of garnishment. After a hearing, all of these motions were denied and Patricia Sims appeals from these denials. The appellant first claims that she was never properly served with process and therefore the trial court lacked personal jurisdiction to render judgment against her. The appellant points out that such a lack of jurisdiction renders the default judgment void. Denton v. Edminston, 475 So.2d 877 (Ala.Civ.App.1985).
The appellant alleges that she was never personally served with process and that a single complaint was served upon her and her codefendant. Rule 4(c)(1) and Rule 4.1(b)(3), Alabama Rules of Civil Procedure, require the person serving process to locate the individuals to be served and deliver a copy of the process and accompanying documents to that individual. Strict compliance with these rules is required. Wright v. Rogers, 435 So.2d 90 (Ala.Civ.App.1983).
We note that the hearing in this case was conducted without a court reporter. However, the record contains a statement of the facts as they were presented at the hearing. This statement is stipulated to by the parties and approved by the trial court. According to the statement, the appellant testified that a single copy of the summons and complaint was left at her residence for both her daughter and her. The appellant further testified that, although she was not personally served the papers, she did receive and read the documents.
The deputy responsible for serving process in this case did not testify at the hearing; in fact, the only testimony given was the appellant’s. A sheriff’s return will not be invalidated upon the uncorroborated statement of the party challenging the improper service of the process. Mitchell Brothers Contractors, Inc. v. Benson, 450 So.2d 138 (Ala.Civ.App.1984). Here, the additional evidence found in the record both corroborates and contradicts the ap *1139 pellant’s testimony. The record contains a notation by the circuit court clerk indicating that both defendants were served process on October 28, 1988. The record also contains two copies of the complaint, which were ostensibly served on both defendants; however, only one of these complaints is marked “Return on This Copy.” Where the return of process is susceptible to different meanings, that meaning which is most conformable to the officer’s legal duty will be adopted. Speegle v. Citizen’s Bank, 346 So.2d 455 (Ala.Civ.App.1977). This rule reflects the strong presumption in favor of the correctness of the sheriffs return, and the party challenging it has the burden of establishing lack of service by clear and convincing proof. Wright v. Rogers. In light of the controverted evidence, we cannot say that the appellant’s burden has been met. Accordingly, we find that the default judgment is not void for improper service of process.
The appellant next argues that the trial court abused its discretion in not granting her motion to set aside the default judgment. The trial court has broad discretion in determining whether to set aside a default judgment, Cassioppi v. Damico, 536 So.2d 938 (Ala.1988), and its judgment will not be reversed on appeal absent a showing of a clear abuse of this discretion. Cross v. Cross, 507 So.2d 953 (Ala.Civ.App.1987).
In Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala.1988), the Alabama Supreme Court “emphatically” held that the trial court should exercise this broad authority with liberality and with a strong bias toward allowing the defendant to have his day in court. The Kirtland court further held that the trial court could not exercise this authority without considering the following three factors: (1) whether the defendant has a meritorious defense, (2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside, and (3) whether the default judgment was a result of the defendant’s own culpable conduct. Kirtland.
The court stated that this three-pronged test would be applicable in cases where the trial court denied a motion to set aside a default judgment under Rule 55(c), A.R. Civ.P. Here, it appears that the appellant filed her motion to set aside default judgment under Rule 60(b)(4) and Rule 60(b)(6). However, in Lee v. Martin, 533 So.2d 185 (Ala.1988), the court extended the Kirtland test to apply where the motion to set aside default judgment is made pursuant to Rule 60(b), A.R.Civ.P.
In the case at bar, we had difficulty deciding whether the trial court had considered the Kirtland factors before denying Sims’s motion. We remanded the cause to give the trial court an opportunity to tell us what it had done in this case. The trial court has complied and we now consider whether its findings are supported by the evidence.
We first turn to the issue of the appellant’s meritorious defense. To support setting aside a default judgment, a “meritorious defense” must be of such merit as to induce the trial court reasonably to infer that allowing the defense to be litigated could foreseeably alter the outcome of the case. Appalachian Stove & Fabricators, Inc. v. Roberts, 544 So.2d 893 (Ala.1989), citing Kirtland. The movant may not set out bare legal conclusions without factual support, Jones v. Hydro-Wave of Alabama, Inc., 524 So.2d 610 (Ala.1988), but must satisfactorily make a showing of facts that, if proven, would constitute a complete defense to the action or would warrant submission of the case to a jury. Kirtland.
The record shows that the appellant raised the defense of forgery both in her pleadings and at the hearing. However, the record shows that Sims’s signature on all three loan forms was notarized and witnessed. Sims’s only rebuttal to this evidence was her testimony that she “was not sure” that one of the signatures was her own because it “looked different” from the others. The trial court found that this bare assertion did not constitute a meritorious defense, and there is no evidence in the record to bolster Sims’s statement.
In regard to the additional Kirtland factors, the trial court determined that: (1) *1140 the default judgment resulted from Sims’s own culpable conduct, and (2) ACHE would be unfairly prejudiced if the motion were set aside. The trial court found that Sims knowingly failed to repay the loan when it was due, then failed to respond to ACHE’s claim against her and ignored the default judgment until garnishment proceedings wepe initiated. Moreover, the default judgment was entered over two years ago, and the trial court found that ACHE would have considerable difficulty locating its witnesses. The record contains no evidence to dispute these findings. Accordingly, we find no abuse of discretion in the trial court’s denial of Sims’s motion.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.