Once again, this Court overturns a determination made by a trial judge that one of the parties had failed to comply with the rules governing the progress of the proceeding through the circuit court.
In holding that the trial judge abused his discretion in refusing to set aside the default judgment, the Court cites a trilogy of cases — Ex parte Illinois Central Gulf R.R.,514 So.2d 1283 (Ala. 1987); Kirtland v. Fort Morgan Authority SewerService, 524 So.2d 600 (Ala. 1988); and Lee v. Martin,533 So.2d 185 (Ala. 1988). In each of those cases, I dissented and in my dissenting opinions expressed the view that the trial judge was in the best position to apply the balancing test that must be applied in *Page 1331 
such cases. The position I so forcefully expressed in those dissenting opinions has not been accepted by the Court, and the reversal of this case is mounting proof that this Court has changed the law regarding what circumstances will justify the setting aside of default judgments. I could continue to dissent, based on the rules of law I set out in my dissents in that trilogy of cases, but I cannot see how my continuing to dissent would serve any useful purpose; therefore, I concur in the result reached, but only because this Court, in that trilogy of cases, set aside default judgments under circumstances not materially different from those presented in this case.