PER CURIAM.
Thomas L. Rountree petitions for a writ of prohibition seeking an order from this court directing the trial judge in the underlying case to withdraw his order requiring Roun-tree to appear and respond to a contempt citation.
The underlying case began when the defendant, Kenneth Hudmon, was served on October 1, 1996, with a summons to appear at a rule nisi hearing on October 3, 1996, concerning the payment of delinquent child support and other monies allegedly owed to his former wife, plaintiff Tracy F. Hudmon Shiver. Hudmon sought Rountree’s representation on October 2, 1996. Rountree informed Hudmon that he would be unable to represent Hudmon at the October 3, 1996, hearing because of other commitments, but that he could represent Hudmon if the matter could be continued for three to four weeks. Rountree contacted Shiver’s lawyer, John Ben Jones[1], about a continuance. Shiver would not agree to a continuance, and Rountree informed Hudmon that he could not represent him.
Later that day, Hudmon told Rountree that he had contacted the trial judge’s secretary and that she had suggested that Roun-tree write a letter to the judge discussing a continuance. Rountree wrote a letter to the trial judge dated October 2,1996, and gave it to Hudmon to take to the hearing the next day. Rountree’s letter contained the following paragraph:
“While this letter is not notice of appearance, I would represent Mr. Hudmon if the matter is continued for three to four weeks.”
*15 On the morning of October 3, 1996, Shiver changed her mind about the continuance. Jones, without having contacted Rountree, telephoned the trial judge’s secretary, discussed the situation, and telefaxed a proposed order he had prepared granting the continuance to the trial judge’s office. This proposed order left the date for the rescheduled hearing blank, but showed Rountree as attorney for Hudmon. The trial judge granted the continuance and rescheduled the hearing for October 8, 1996. Because the trial judge granted the continuance, no hearing took place and Hudmon did not deliver Roun-tree’s letter dated October 2, 1996. Roun-tree received a copy of the rescheduling order on October 6, 1996. Rountree contacted Hudmon on October 7, 1996, to advise him that he was not available and that Hudmon would have to appear pro se or find another lawyer. Rountree also contacted Melton and informed him that he was not representing Hudmon.
On October 8, 1996, Hudmon appeared at the hearing with Rountree’s October 2 letter and delivered that letter to the trial judge. The trial judge conducted the hearing and entered a judgment against Hudmon on October 22,1996. That judgment also directed Rountree to appear before the trial judge on October 29, 1996, “and explain to this Court why he should not be cited for contempt for his failure to appear at the instant hearing, that is at 9:00 a.m. on October 8, 1996.” While the trial judge’s comments in the record and in his letter reply to the petition for prohibition indicate that he did not necessarily intend to incarcerate Rountree for his first contempt, i.e., the failure to appear at the October 8 hearing, the record of the proceedings on October 8 shows that the trial judge stated that “I’m going to cite Mr. Rountree for contempt of court for failure to appear in connection with this matter.”
When Rountree learned of the trial judge’s statement, he contacted the judge’s office on October 9,1996. Although there is no record of that conversation, it appears that Roun-tree informed the trial judge that he was not representing Hudmon, but that the judge refused to change his order requiring Roun-tree to appear on October 29 to address the contempt citation. On October 17, 1996, Rountree wrote a letter to the trial judge detailing the events to that point, reasserting that he was not representing Hudmon, and apologizing for any inconvenience to the judge. The letter also requested that the trial judge relieve Rountree of the order to appear before the court on October 29. The judge responded to Rountree’s letter with his own letter dated October 22, 1996, stating that he required Rountree to appear in response to the contempt citation as ordered.
Rountree did not attend the October 29, 1996, hearing, and the trial judge stated:
“At this time, I cite him again for contempt of court for failure to appear today in response to at least a personal directive to be here, a letter confirming that he would be required to be here, and an order to be here, which I know that he was aware of. And at this point in time, I issue a writ of arrest for Mr. Rountree_
[[Image here]]
"... Unfortunately, and I will make a record of the fact that I had no intention of dealing with Mr. Rountree by putting him in jail. I did intend to get his attention about not showing up in my court. But apparently I haven’t done that. At this point in time, I will order a writ for his arrest. And, as far as I’m concerned, he will stay in jail until such time as I can get around to it. The writ will remain outstanding until he is in custody in the Chambers County Sheriffs Office. I’m dealing with total disregard of the authority of this Court.”
On that same day, Rountree filed this petition for writ of prohibition in this Court and this Court stayed further proceedings pending consideration of the petition.
In his response to Rountree’s petition, the trial judge asserts that Rountree was representing Hudmon because of his contacts with Jones and Melton seeking a continuance in the underlying case. Based on his contention that Rountree was representing a client in his court, the trial judge claims to have authority to impose contempt sanctions. The judge further asserts that this Court should not address the writ of prohibition because, he contends, the writ is procedurally inappro *16 priate. The judge argues that Rountree’s proper procedural route is by appeal or writ of mandamus after the trial judge imposes some sanction for Rountree’s contempt.

I. Procedure

The trial judge’s procedural argument is that a writ of prohibition cannot apply to this case because he has not yet done anything. Although the judge has apparently twice found Rountree in contempt, once issuing a warrant for his arrest, he nevertheless argues that because Rountree has not appeared before him and participated in the proceeding, nothing has actually happened. The judge argues that this Court must first allow him to complete the two pending contempt proceedings, and then review by appeal the validity of his determinations. The Attorney General supports this argument with citation to Ex parte State ex rel. Knight, 229 Ala. 513, 158 So. 317 (1934), to the effect that a writ of prohibition will not issue when an appeal will lie for the same alleged errors.
The Attorney General follows the proposition that prohibition does not lie when there is review by appeal with discussion of the rule that review of contempt proceedings is by appeal. See Ala.Code 1975, § 12-1-11 (procedure for stay and review by appeal of contempt punishment), and Rule 70A(g), Ala. R.Civ.P. (review of contempt proceedings is by appeal or writ of habeas corpus). See also Ex parte Baker, 623 So.2d 304 (Ala.Civ. App.1993), and T.P.W.C. v. J.R.W., 622 So.2d 931 (Ala.Civ.App.1993). The Attorney General argues that this Court should therefore dismiss the petition.
Rountree’s reply to this argument is that a writ of prohibition is appropriate to prevent a trial court from acting beyond its jurisdiction or authority. Rountree argues that the writ of prohibition should issue under the circumstances of this case, because, he says, the trial judge does not have the authority to find Rountree in contempt or to compel Rountree to appear before him to explain why he should not be held in contempt.
We agree with the trial judge that he has entered no formal order imposing contempt sanctions. However, this necessarily means that there is no order from which an appeal will lie. Our review of the record strongly supports the inference that the trial judge sought to compel Rountree to appear so that contempt sanctions could be imposed. Because Rountree seeks to prohibit the trial judge irom compelling Rountree to come before him and thereby subject Rountree to contempt sanctions, we conclude that Roun-tree’s resort to a petition for a writ of prohibition is procedurally correct in this case.

II. Factual and Legal Issues

The critical factual consideration in this case is whether Rountree was ever properly before the trial judge so that the judge would have the authority to order Rountree to appear at a hearing and to hold him in contempt. 'We find no Alabama law on point with this fact situation. Rountree argues, in addition to the fact that he has consistently disclaimed representation, that case law as to what constitutes an “attorney of record” and when a party “appears” before a court supports his position. Rountree cites Lee v. Martin, 533 So.2d 185 (Ala.1988), and Maner v. Maner, 279 Ala. 652, 189 So.2d 336 (1966), in support of his argument that he is not an “attorney of record” in this case.
In Maner, a domestic relations ease, our Supreme Court discussed the term “attorney of record:”
“An ‘attorney of record’ means an attorney who has filed an appearance or pleading in the cause and is therefore presumed to have authority to bind his client by acceptance of service.”
279 Ala. at 658, 189 So.2d at 342. (Citations omitted.)
In Lee, our supreme court discussed what constitutes a party’s “appearance” in a default case under Rule 55, Ala.R.Civ.P.:
“ In Alabama, the general rule relating to an ‘appearance’ is stated in Cockrell v. World’s Finest Chocolate, Inc., 349 So.2d 1117, 1120 (Ala.1977), as follows:
“ ‘An appearance in an action involves some submission or presentation to the court by which a party shows his intention to submit himself to the jurisdiction of the court. Port-Wide Container Co., *17 Inc. v. Interstate Maintenance Corp., 440 F.2d 1195 (3rd Cir.1971); H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 139 U.S.App. D.C. 256, 432 F.2d 689 (1970); Anderson v. Taylorcraft, Inc., 197 F.Supp. 872 (W.D.Pa. 1961). See also Wright & Miller, [Federal Practice and Procedure: Civil] at § 2686; Anno., 27 A.L.R. Fed. 620; Anno., 73 A.L.R.3d 1250.’
“In Hen House, [Inc. v. Robertson, 410 So.2d 42 (Ala.1982),] this Court held that the filing of another action in the same court, involving the same subject matter as the suit in which a default judgment was obtained, was a ‘constructive appearance.’ Recently, in Western Union Tel. Co. v. Crowder, 547 So.2d 876 (Ala.1989), the Court, rejecting the Livermore rationale, held that correspondence between plaintiffs and defendant’s counsel, concerning settlement of the case and an extension of time to answer the complaint, did not constitute an ‘appearance.’ The Court noted that in each Alabama case in which an appearance had been found, some writing had been filed in court to indicate an intention to defend the action. As can readily be seen, the import of our eases is that settlement negotiations conducted prior to, or after, the date the suit is filed cannot constitute an ‘appearance’ so as to invoke the three-days’ notice requirement of Rule 55(b)(2).”
533 So.2d at 186. We note that the trial judge prefaced his remarks above with the statement that what constitutes an appearance depends on the facts and circumstances of the particular case.
Application of Maner and Lee to the facts of record persuades us that Rountree was not an “attorney of record,” nor did he “appear,” in the underlying case. Based upon these cases, and his factual assertion of no representation, Rountree argues that his situation is outside the scope of the contempt statute, Ala.Code 1975, § 12-1-8:
“The powers of the several courts in this state to issue attachments and inflict summary punishment for contempts shall not extend to any other eases than:
“(1) Disrespectful, contemptuous or insolent behavior in court, tending in any way to diminish or impair the respect due to judicial tribunals or to interrupt the due course of trial;
“(2) A breach of the peace, boisterous conduct, violent disturbance or any other act calculated to disturb or obstruct the administration of justice, committed in the presence of the court or so near thereto as to have that effect;
“(3) The misbehavior of any officer of the court in his official transactions or the disobedience or resistance of any officer of the court, party, juror, witness or any other person to any lawful writ, process, order, rule, decree or command thereof;
“(4) Deceit or the abuse of the process of the proceedings of the court by any person or party or any unlawful interference with the process or proceedings of the court;
“(5) Refusing to be sworn or to answer, either in the court or before the grand jury, any lawful question as a witness or garnishee;
“(6) When summoned as a juror in a court, improperly conversing with a party to an action to be tried at such court or with any other person in relation to the merits of such action or receiving a communication from a party or other person, in respect to it, without immediately disclosing the same to the court; or
“(7) Conversing with a juror, knowing him to be such, in relation to the merits of any action which he is engaged in the trial of or supplying any juror with refreshments of any kind, except water, during the time he is engaged in the trial of any cause, without leave of the court.”
In effect, Rountree argues that, on these facts, he is outside the trial judge’s contempt jurisdiction. While Rountree cites State v. Thomas, 550 So.2d 1067 (Ala.1989), for the proposition that a court must have jurisdiction to impose a contempt sanction, that case dealt with the jurisdiction of the juvenile court over a party in a criminal contempt proceeding. Thomas does not address the question of a court’s contempt jurisdiction over a lawyer.
*18 On behalf of the trial judge, the Attorney General argues that because Rountree “materially involved” himself in the Hudmon case and is an officer of the court, he is subject to the trial judge’s contempt order. The Attorney General also asserts the trial judge’s “inherent power” to control officers of the court. However, all of the cases cited by the Attorney General for these arguments stem from situations where the attorney involved has plainly appeared of record before the trial court. See, e.g., Hall v. Hall, 485 So.2d 747 (Ala.Civ.App.1986); Jackson v. State, 337 So.2d 1281 (Ala.1976). The general authority as to the duties of lawyers as officers of the court is not directly applicable to the present situation.
The situation before us presents a lawyer’s allegedly contemptuous actions with respect to a particular case. After careful consideration of the record and the facts of this particular case, we conclude that Rountree did not represent any of the parties in the underlying ease before the trial judge. Further, we conclude that Rountree was not an attorney of record in the underlying case, nor did he make an appearance in that case. Lee and Maner, supra.
Under these circumstances, we decline to construe § 12-1-8 and the general case law discussing the court’s inherent powers so broadly as to render Rountree, simply as an attorney and officer of the court, subject to a contempt sanction by the trial judge. Accordingly, we hold that the trial judge acted outside the scope of his authority in citing Rountree for contempt and in ordering Rountree to appear before him for further consideration of the contempt citations. The writ of prohibition is due to be granted.
WRIT GRANTED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in the result only.

. Jones was handling Shiver's case on a temporary basis for Shiver's attorney of record in this matter, Thomas S. Melton.