ROBERTSON, Presiding Judge.
Thomas L. Rountree petitioned this court for a writ of prohibition directing the trial judge in a pending action to withdraw his order requiring Rountree to appeal’ and respond to a contempt citation. This court issued the writ of prohibition on the ground that the trial judge’s inherent powers were not so broad as to enable him to hold Roun-tree in contempt simply because Rountree was an attorney and officer of the court. Ex parte Rountree, 694 So.2d 13 (Ala.Civ.App.1997).
The trial judge then petitioned the Supreme Court of Alabama for a writ of mandamus directing this court to set aside its writ of prohibition. Although Rountree responded to that petition by arguing that the writ of prohibition had been properly issued, he argued in the alternative that if the Supreme Court held that the trial judge had jurisdiction to institute contempt proceedings against him, then the trial judge should be ordered to refer the contempt action to another judge. The Supreme Court concluded, under the facts of this case, that the trial judge had personal jurisdiction over Roun-tree to charge him with contempt. However, it also noted that the trial judge would likely be a witness in any contempt proceeding and held that referral to another judge under Rule 70A(f), Ala.R.Civ.P., was proper. Accordingly, the court issued the writ of mandamus. Ex parte Segrest, [Ms. 1961338, May 8,1998], 718 So.2d 1 (Ala.1998).
In compliance with the opinion of the Supreme Court, we vacate the writ of prohibition and “enter an order instructing the trial court to refer the contempt proceeding to another judge.” Id. at 8.
WRIT VACATED; INSTRUCTIONS ISSUED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.