This is an appeal from a denial of a Rule 60 (b), A.R.Civ.P., motion to set aside a judgment. Plaintiff had failed to attend two depositions called by defendant, and then failed to attend a hearing on defendant's motion for sanctions. After that hearing, the court dismissed the action and taxed costs against plaintiff.
John Jenkins filed this defamation action against American Cast Iron Pipe Company (ACIPCO) on September 2, 1981. ACIPCO filed an answer on September 18, denying the allegations of the complaint, and an amended answer on December 28, raising the defenses of lack of publication, truth, and privilege.
On February 9, 1982, ACIPCO filed and served on Jenkins's attorney notice that it would take Jenkins's deposition at ACIPCO's attorney's office on March 5, 1982. Jenkins and his attorney failed to appear for the deposition. On March 11, ACIPCO's attorney sent a letter to Jenkins's attorney to "confirm our telephone conversation that I will take the plaintiff's deposition in the above-styled action on March 26, 1982 at 9:00 a.m. in our offices." Jenkins again failed to attend, though it appears that he was at his attorney's office waiting to go to the deposition when ACIPCO's attorney telephoned Jenkins's attorney's office.
ACIPCO filed a motion for sanctions on the following Monday, March 29, requesting the court to dismiss the action, or in the alternative, to require Jenkins to pay ACIPCO's attorney's fees incurred in connection *Page 971 
with the depositions. The motion was set for hearing on April 14, 1982, and a copy of it was served on Jenkins's attorney. Neither Jenkins nor his attorney attended the hearing on April 14, and the court dismissed the action on that date.
On August 10, 1983, Jenkins, through a different attorney, filed a Rule 60 (b) motion to set aside the judgment of dismissal. The motion averred that Jenkins's previous attorney had advised him that the deposition had been continued, and that, although Jenkins had stayed in touch with his attorney, he had not been informed of the dismissal, only learning of it approximately thirty days before filing the Rule 60 (b) motion.
ACIPCO's response stated, inter alia, that Jenkins's first attorney had telephoned ACIPCO's attorney after the dismissal and stated that he would file a motion to set aside the dismissal. This response included as an exhibit a letter, dated April 15, 1982, from ACIPCO's attorney to an officer of ACIPCO informing him of the telephone call from Jenkins's attorney. ACIPCO's response argued at length as to why Jenkins was not entitled to relief under Rule 60 (b). The trial court agreed, denying the motion on September 8, 1983. Jenkins filed notice of appeal to this Court.
ACIPCO correctly points out that relief is not available to Jenkins under Rule 60 (b)(1) for "mistake, inadvertence, surprise, or excusable neglect," because motions under this provision, under the terms of the rule itself, must be made within four months after judgment. Ex parte Hartford Ins. Co.,394 So.2d 933 (Ala. 1981).
Jenkins raises none of the grounds set out in subdivisions (2)-(5) of Rule 60 (b), so the only remaining ground on which the trial court's judgment could be reversed is that of subdivision (6): "any other reason justifying relief from the operation of the judgment." Relief under this subdivision "is reserved for extraordinary circumstances, and is available only in cases of extreme hardship or injustice." Howell v. D.H.Holmes, Ltd., 420 So.2d 26, 28 (Ala. 1982); City of Birminghamv. City of Fairfield, 396 So.2d 692 (Ala. 1981). Furthermore, broad discretion is accorded trial courts in ruling on 60 (b) motions. Ex parte Hartford Ins. Co., supra; Textron, Inc. v.Whitfield, 380 So.2d 259 (Ala. 1979).
The trial court's order in this case is supported not only by Jenkins's failure to appear at the depositions or the hearing on the motion for sanctions, but also by the long delay in filing the motion for relief from judgment. Jenkins argues that he received no notice of the hearing, but the motion for sanctions, which included notice of the April 14 hearing, was served on Jenkins's attorney, as required under Rule 5 (b), A.R.Civ.P. The failure of Jenkins to more actively prosecute his action precludes us from finding the existence of "extreme hardship or injustice" which would require a reversal of the trial court.
Jenkins further claims that his delay in filing the 60 (b) motion was due to the fact that his attorney did not inform him of the dismissal. This cannot serve as a ground for a 60 (b)(6) motion, however, because the "[o]missions and commissions of an attorney are to be regarded as the act of the client whom he represents." Arkel Land Co. v. Cagle, 445 So.2d 858, 862 (Ala. 1983), quoting Nelson v. Darling Shop of Birmingham, Inc.,275 Ala. 598, 604, 157 So.2d 23 (1963). Moreover, "[a] party remains under a duty to take legal steps to protect his own interests." City of Daphne v. Caffey, 410 So.2d 8, 10 (Ala. 1981), quoting Wright and Miller, Federal Practice andProcedure, § 2864 at 214-215.
The trial court committed no abuse of discretion in denying Jenkins's motion to set aside the judgment of dismissal. The judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur. *Page 972