This is an appeal from the denial of a Rule 60 (b), A.R.Civ.P., motion to relieve plaintiffs from a final judgment and reinstate their case on the trial docket; that motion was filed after the circuit court had dismissed the action for want of prosecution.
Kenneth Dale Hill and his insurer, Amherst Insurance Company, filed this action on August 9, 1982. The complaint named as defendants the sheriff of Lauderdale County and two of his deputies and alleged that the deputies had contributed to the loss of Hill's property by fire when they refused to allow fire trucks to enter the premises where Hill's buildings were burning.
On October 29, 1982, plaintiffs filed a similar action against Lauderdale County and the Lauderdale County Commission. The cases were consolidated. They were set for trial on February 27, 1984, but were continued on February 17 by order of the court granting the parties' joint motion for continuance. Plaintiffs failed to appear at the call of the trial docket on September 11, 1984, and the court dismissed the case against the sheriff and his deputies. At the next call of the docket, on December 18, 1984, plaintiffs again failed to appear, and the case against the county was dismissed.
On February 25, 1985, plaintiffs filed Rule 60 (b) motions requesting the court to reinstate the cases to the trial docket. Attached to the motion before us in the instant case is an affidavit of plaintiffs' attorney stating that he did not receive any notice of the docket call for September 11, 1984, that he did not receive notice from the clerk that the case was dismissed on September 11, and that the first time he learned that the case had been dismissed was on February 11, 1985. The circuit court apparently[1] granted the motion in the case against the county and the county commission, but it denied the motion in this case against the sheriff and his deputies.
Rule 60 (b), A.R.Civ.P., includes the following provisions:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four months after the judgment, order, or proceeding was entered or taken." *Page 239 
Provision (6) does not apply to situations governed by the grounds enumerated in provisions (1) through (3). If the four-month period has run, a motion may not be granted under 60 (b)(6) on the grounds enumerated in 60 (b)(1)-(3). Snowden v.United Steelworkers of America, 435 So.2d 62 (Ala. 1983);Alabama Farm Bureau Mut. Cas. Ins. Co. v. Boswell,430 So.2d 426 (Ala. 1983); Ex parte Hartford Ins. Co., 394 So.2d 933
(Ala. 1981).
In Snowden, supra, this Court held that ignorance of the entry of a judgment when the circuit clerk had failed to serve notice as required by Rule 77 (d), A.R.Civ.P., was a ground for relief under 60 (b)(1), not 60 (b)(6), and that the motion was barred under the four-month limitation. Such a result is even more appropriate under the facts of this case, and plaintiffs' similar argument regarding the clerk's failure to notify them of the trial docket, Rule 40 (b), A.R.Civ.P., is due to be resolved in the same way.
For all the record before us shows, plaintiffs failed to inquire as to the status of their cases from February 17, 1984, until February 11, 1985. This certainly has the appearance of neglect. The trial court's decision to grant the motion in the case dismissed less than four months previously and to deny the motion in the case dismissed more than four months previously indicates that the trial court treated the motions as coming under Rule 60 (b)(1). The instant appeal comes from the denial of the motion filed more than four months after the order dismissing the action, and we agree with the trial court's implicit holding that the motion came too late.
Trial courts have broad discretion in ruling on 60 (b) motions. Jenkins v. American Cast Iron Pipe Co., 454 So.2d 969
(Ala. 1984). No abuse of that discretion is shown here. The judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.
[1] Although we do not have the record of the other case before us, the plaintiffs do not question the defendants' assertions that a similar motion was granted in that case.