Joseph Cassioppi appeals from the trial court's denial of his Rule 60(b), Ala.R.Civ.P., motion to set aside a default judgment in the amount of $70,000 entered in favor of Ross John Damico. We affirm.
Damico agreed to purchase certain game tables and game machines (hereinafter referred to as "games") from Leisure Time Electronics, Inc. Leisure Time represented to Damico that if, within 18 months from the date of purchase, the games did not yield a 100% return of the initial investment, they could be returned and Damico would be reimbursed the difference between the initial purchase price and the earnings up to the date of the return of the games. The games did not yield a 100% return within the time promised, and Leisure Time refused to repurchase the games as it had agreed to do. Damico sued Leisure Time, alleging breach of contract and fraud. Subsequently, he amended his complaint to add as defendants Cassioppi, who was president of Leisure Time, and Challenge Electronics, Inc. All assets, equipment, fixtures, and inventory of Leisure Time had been transferred to Cassioppi and Challenge Electronics. All defendants filed a motion to dismiss, with supporting affidavit, which was overruled on January 31, 1984.
The case was set for trial on June 30, 1986. Seven days prior to trial, the defendants' Alabama attorney filed a motion for leave to withdraw as counsel. He asserted in his motion (1) that since this case was forwarded to him, there had been no communication from the defendants' attorney in Indiana, who had forwarded the case to him, in spite of numerous attempts to contact the Indiana attorney by letter and by telephone; and (2) that the Indiana attorney had failed to provide him with any documents, the current location of the defendants, or the location of any witnesses necessary to present a proper defense. The trial court granted this motion.
The defendants' Indiana attorney was notified eight times of the trial date, but the defendants failed to appear on the day the case was set for trial, or to request a continuance. The trial court entered a default judgment with leave to prove damages. On January 23, 1987, almost seven months after the entry of default, Damico appeared before the trial court and presented evidence of loss that he had sustained as a result of the breach of contract and fraud. The trial court entered a default judgment in the amount of $70,000. On February 12, 1987, Damico's attorney wrote the defendants at their last known address and advised them of this judgment. An attorney called in response to this letter and discussed a possible settlement. On *Page 940 
March 22, 1988, Leisure Time, Cassioppi, and Challenge Electronics filed a Rule 60(b) motion to set aside the default judgment. The motion was denied; hence this appeal.
In Raine v. First Western Bank, 362 So.2d 846, 848 (Ala. 1978), this Court stated:
 "It is equally well-settled that the denial of a 60(b) motion does not bring up for review on appeal the correctness of the judgment which the movant seeks to set aside, but is limited to deciding the correctness of the order from which he appeals."
Moreover, in Raine, the Court held that to set aside a default judgment on Rule 60(b) grounds, a party must (1) prove one of the grounds set out in the Rule; and (2) allege and prove a meritorious defense to the action.[1]
Cassioppi asserted in his motion that he was entitled to relief from the default judgment under Rule 60(b)(4), which permits relief when the judgment is void; and under Rule 60(b)(6), which permits relief for any reason justifying relief from the operation of the judgment, other than (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) that the judgment is void; or (5) that the judgment has been satisfied, released, discharged, reversed, or vacated.
The standard of review on appeal from the denial of a Rule 60(b)(4) motion is not whether there has been an "abuse of discretion." When the grant or denial of a motion turns on the validity of the judgment, as in a Rule 60(b)(4) motion, discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. Seventh Wonder v.Southbound Records, Inc., 364 So.2d 1173 (Ala. 1978). In Smithv. Clark, 468 So.2d 138, 141 (Ala. 1985), the Court held that "[a] judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process."
Cassioppi's first contention was that the default judgment was void because, he says, under Rule 55(b)(2) Damico was required to give three days' notice to the party against whom the default judgment was sought. We interpret this as a due process argument, and we are not persuaded by it. Rule 55(b)(2), Ala.R.Civ.P., provides in part:
 "If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least three days prior to the hearing on such application, provided, however, that judgment by default may be entered by the court on the day the case is set for trial without such three days notice." (Emphasis added.)
The default judgment in this case was entered on the day the case was set for trial; therefore, three days' notice was not required by Rule 55(b)(2), and the failure to give such notice was not inconsistent with due process.
Cassioppi also contends that he did not receive notice of his Alabama attorney's motion to withdraw as counsel, or that his case had been set for trial. We interpret this as another due process argument. Cassioppi appeared by representative (his attorney), and that representative was served a copy of the motion for default judgment and was notified numerous times of the setting of the case for trial on June 30, 1986. It is unrefuted that Cassioppi's Indiana attorney was notified of the Alabama attorney's motion to withdraw as counsel and of the date set for trial. Cassioppi appeared by his representative, and his representative received proper notice. Cassioppi has not convinced us that the trial court erred in denying his Rule 60(b)(4) motion. This due process argument is without merit. *Page 941 
Rule 60(b)(6) is designed to operate exclusive of the specific grounds listed in (b)(1) through (5), and relief cannot be obtained under (b)(6) if it would have been available under one of the other five clauses. Hill v. Townsend,491 So.2d 237 (Ala. 1986); Ex parte Hartford Insurance Co.,394 So.2d 933 (Ala. 1981). The trial court could have found that relief in the present case would have been available to Cassioppi under 60(b)(1) for "mistake, inadvertence, surprise or excusable neglect" had the motion been timely. Consequently, a party may not escape the time limits of Rule 60(b)(1) through (3), which carry a four-month time limitation in which the motion must be filed, merely by characterizing the motion as a Rule 60(b)(6) motion. Hartford Insurance, supra. Even assuming that a ground for relief was stated under Rule 60(b)(6), relief under Rule 60(b)(6) is reserved for extraordinary circumstances and is available only in cases of extreme hardship or injustice. Smith v. Clark, supra. The facts in this case do not indicate such extraordinary and compelling circumstances as to justify relief.
It is well established that the grant or denial of the Rule 60(b)(6) motion to set aside a default judgment is a matter largely within the discretion of the trial court, and we will not reverse the trial court's ruling unless there was an abuse of discretion. Textron, Inc. v. Whitfield, 380 So.2d 259 (Ala. 1979). The trial court's discretionary authority under Rule 60(b) is much broader than it is under Rule 55(c); see Kirtlandv. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600,604-08 (Ala. 1988). Cassioppi has not persuaded us that the trial court abused its discretion.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.
[1] See Kirtland v. Fort Morgan Authority Sewer Service, Inc.,524 So.2d 600 (Ala. 1988), for a statement of the standard of proof necessary to show a meritorious defense under Rule 55(c), Ala.R.Civ.P.