RUSSELL, Judge.
Rolland Oden appeals from the trial court’s denial of his Rule 60(b)(6), Alabama Rules of Civil Procedure, motion for relief from judgment, and we affirm.
At the outset we note that on appeal the denial of a Rule 60(b) motion is the only reviewable matter and that neither the merits nor the correctness of the underlying judgment may be examined in this review. Douglass v. Capital City Church of the Nazarene, 443 So.2d 917 (Ala.1983). Trial courts are granted broad discretion in ruling on Rule 60(b) motions. Jenkins v. American Cast Iron Pipe Co., 454 So.2d 969 (Ala.1984).
Rule 60(b) includes the following:
“(b) On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four months after the judgment, order, or proceeding was entered or taken.”
Rule 60(b)(6), which allows a dismissal to be set aside for “any other reason justifying relief,” operates exclusive of the specific grounds in Rule 60(b)(1) through (5), and a party may not escape the time limits of a Rule 60(b)(1) motion by characterizing it as a Rule 60(b)(6) motion. Ex parte Hartford Insurance Co., 394 So.2d 933 (Ala.1981).
The facts that led to this case are noted in a previous action by Oden against the Alabama State Tenure Commission and are *1019 reported in Oden v. Alabama State Tenure Commission, 495 So.2d 659 (Ala.Civ.App.1985), and Ex parte Oden, 495 So.2d 664 (Ala.1986). Although not pertinent to this appeal, they are helpful in providing a historical perspective of this case.
In Ex parte Oden the Alabama Supreme Court held that Oden retained tenure when he accepted a position as supervisor of transportation with the Morgan County school system and resigned his tenured position as principal. He was reinstated by the Morgan County Board of Education (board) in his previous job. Subsequently, on August 17, 1987, Oden filed suit against the board, claiming entitlement to back pay and employee-related benefits in the amount of $157,837.76.
In September 1988 Oden filed a motion for summary judgment with a supporting memorandum and an affidavit. Consideration of the motion was deferred by the trial court to allow Oden ten days to comply with Rule 8 of local court rules. On October 7, 1988, the board filed a response to Oden’s motion for summary judgment and its own motion for summary judgment. On October 31, 1988, the trial court entered an order finding that because Oden had not filed material demonstrating the existence of a genuine issue necessary to be tried in response to the board’s motion for summary judgment, he had defaulted. An interlocutory judgment was entered in favor of the board, which was to become final in thirty days unless Oden showed justification for not responding and evidence of a genuine issue.
On November 10, 1988, Oden’s attorney sent a letter to the trial judge, stating that he had not received the board’s motion for summary judgment and requesting that the court rescind its October 31, 1988, order. However, a final judgment was entered on March 31, 1989, which recognized that the interlocutory judgment had become final and dismissed the complaint.
The record reveals no further action in the case until March 16, 1990, when Oden filed his motion for relief from the judgment pursuant to Rule 60(b)(6). The motion was supported by affidavits, in which Oden claimed that his former attorney had misled him regarding the documents filed by the board and the orders filed by the court and had never informed him that the suit had been dismissed.
Although Oden presents a number of issues for review by this court, we find the issue of whether this is properly a Rule 60(b)(1), rather than a Rule 60(b)(6), motion to be dispositive. Our first inquiry must be to determine if Oden’s grounds for Rule 60(b)(6) relief are listed in Rule 60(b)(1). If they are so listed, his request for relief must fail. He may not escape the four-month time limitation of Rule 60(b)(1) by labeling his motion a Rule 60(b)(6) motion. Hill v. Townsend, 491 So.2d 237 (Ala.1986); Ex parte Hartford Insurance Co., 394 So.2d 933.
Here, we do not know the reasons why Oden was not informed by his former attorney of the dismissal. However, where an attorney fails to advise the client of notice received, or where there is ignorance of the entry of a judgment, it is clear that relief is available for “mistake, inadvertence, surprise or excusable neglect” when the motion is timely filed. See Cassioppi v. Damico, 536 So.2d 938 (Ala.1988), and Hill v. Townsend, 491 So.2d 237. Therefore, we find that the present situation is governed by Rule 60(b)(1) and that Oden may not escape its time limits by labeling his motion a Rule 60(b)(6) motion.
Furthermore, even if Rule 60(b)(1) were not applicable, we note that Oden’s claim that the delay in filing the Rulé 60(b) motion was due to the fact that the attorney did not inform him of the dismissal of an action cannot serve as a ground for his 60(b)(6) motion, because actions or the lack of action of an attorney are regarded as the acts of the client. Jenkins v. American Cast Iron Pipe Co., 454 So.2d 969. Oden was under a duty to take legal steps to protect his own interest. Id. Although Oden claims that he called his former attorney weekly, apparently for almost a year, to inquire about the status of the case Oden was under a duty to inquire further as to the status of his case. Id.
*1020 Based on the above, we find that the trial court did not abuse its discretion in denying the Rule 60(b)(6) motion. Therefore, the judgment is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.