On Application for Rehearing
L. CHARLES WRIGHT, Retired Appellate Judge.
This court’s original opinion, which was released on April 21, 1995, is withdrawn, and the following is substituted therefor:
Dr. Rolland Oden has been before this court and the supreme court on two previous occasions. For a detailed review of the history of the proceedings, see Oden v. Alabama State Tenure Comm’n, 495 So.2d 659 (Ala.Civ.App.1985), rev’d, 495 So.2d 664 (Ala. 1986); Oden v. Morgan County Board of Education, 617 So.2d 1017 (Ala.Civ.App. 1991), rev’d, 617 So.2d 1020 (Ala.1992).
An abbreviated version of the facts follows: Dr. Oden entered the Morgan County education system as an instructor and achieved tenure in that capacity. He was promoted to principal and achieved tenure in that capacity. He was a tenured principal when he applied for the job of supervisor of transportation. The Morgan County Board of Education (Board) accepted his application. Dr. Oden later submitted a letter of resignation from his principal position.
In Ex parte Oden, 495 So.2d 664 (Ala. 1986), the supreme court determined that Dr. Oden did not lose his tenure as a teacher when he became supervisor of transportation for the Board, but that he held continuing service status as a “supervisor.” After the supreme court entered the order, the Board re-employed Dr. Oden as supervisor of transportation, but refused to give him back pay.
Dr. Oden then filed an action for back pay and other relief. Dr. Oden moved for summary judgment, supported by his affidavit. On October 4, 1988, the trial court deferred his motion for compliance with a local court rule. The Board subsequently moved for summary judgment, supporting its motion with the documents required by the local rule. On October 31, 1988, the trial court, citing the fact that Dr. Oden’s attorney had not filed a statement of genuine issues or any other opposition to the Board’s motion for summary judgment pursuant to the local rule, ruled that Dr. Oden had defaulted and entered an interlocutory judgment in favor of the Board. The order provided that it would be final within 30 days unless Dr. Oden’s attorney made a showing of excusable neglect or other similar justification, along with evidence of a genuine issue.
The trial court subsequently entered an order denying Dr. Oden’s motion for summary judgment and, by order dated December 2, 1988, but not filed until March 31, 1989, entered a final judgment dismissing his complaint pursuant to the terms of the interlocutory order entered October 31,1988.
On April 16, 1990, after obtaining a new attorney, Dr. Oden moved, pursuant to Rule 60(b)(6), Ala.R.Civ.P., for relief from the judgment of dismissal, the interlocutory order of October 31,1988, the default judgment entered against him, and the trial court’s order denying his motion for summary judgment. Following submission of briefs and oral argument, the trial court denied Dr. Oden’s motion, relying principally on the “attorney as agent” opinion of Jenkins v. American Cast Iron Pipe Co., 454 So.2d 969 (Ala. 1984).
Dr. Oden then appealed to this court. We affirmed the trial court, by holding in addition to the “attorney as agent” theory that Rule 60(b)(1) was the appropriate vehicle to use to vacate the judgment of the trial court. We determined, therefore, that his motion was not filed timely because a Rule 60(b)(1) motion must be filed within four months of *948 the order. Oden v. Morgan County Bd. of Education, 617 So.2d 1017 (Ala.Civ.App. 1991).
The supreme court granted certiorari and reversed this court’s decision. The primary issue before the supreme court was whether gross neglect and misconduct by one’s attorney leading to the dismissal of a meritorious action was sufficient to justify relief under Rule 60(b)(6). The supreme court distinguished the “attorney of agent” theory of Jenkins and held that Rule 60(b)(6) was the proper vehicle to pursue Dr. Oden’s claims. In reversing this court, the supreme court stated the following:
“Based on the foregoing, we hold that Jenkins should be limited to its facts and should be read as holding that those facts do not show such, extraordinary circumstances or such diligence by Jenkins as to support a holding that the trial court abused its discretion in denying relief. Here, the trial court’s ambivalence over the availability of an independent action instead of Rule 60(b)(6) relief, combined with the extraordinary diligence shown by Dr. Oden in spite of his lawyer’s alleged misrepresentations, which were sufficiently plausible on their face to excuse Dr. Oden from going beyond his attorney to inquire further as to the status of his action, constitute such extraordinary circumstances as to support a reversal of the judgment for a hearing and reconsideration by the trial court.”
The supreme court further noted that there were unresolved issues as to the merits of Dr. Oden’s claims and the Board’s defenses.
Following remand, the trial court proceeded to hear and to reconsider whether Dr. Oden’s Rule 60(b)(6) motion was due to be granted. The motion was submitted upon the uncontradicted testimony of Dr. Oden and his affidavit previously filed in support of his motion.
The trial court rejected Dr. Oden’s Rule 60(b)(6) motion by concluding that Dr. Oden “was not sufficiently diligent in protecting his own interests so that he can now complain of the consequences of his own neglect.” Secondly, the trial court found that the Rule 60(b)(6) motion was not filed within a reasonable time. The court held that a reasonable time for filing a Rule 60(b)(6) motion based on alleged fraud of one’s own attorney “should not ... be longer than the four-month period permitted for seeking relief when the fraud or misconduct of an adverse party is made the basis of a motion under Rule 60(b)(3).”
Dr. Oden appeals and asserts that the trial court erred in denying his Rule 60(b)(6) motion.
On remand the trial court had before it Dr. Oden’s affidavit (which was reproduced in its entirety in Ex parte Oden, 617 So.2d 1020, 1022 (Ala.1992)), and the uncontradicted testimony of Dr. Oden. Dr. Oden’s testimony was limited because the trial court restricted him from testifying as to what his attorney had told him about the status of his case. Counsel for Oden attempted to make an offer of proof for the record on appeal. The trial court refused the request. In essence, the trial court had the same facts before it that the supreme court did when it remanded the cause to the trial court.
Based on those facts, the supreme court, in Ex parte Oden, 617 So.2d 1020 (Ala.1992), determined that “[Oden’s] lawyer’s alleged misrepresentations, which were sufficiently plausible on their face to excuse [Oden] from going beyond his attorney to inquire further as to the status of his action, constitute such extraordinary circumstances as to support a reversal of the judgment for a hearing and reconsideration by the trial court.”
Upon reconsideration, and with the limited uncontradieted testimony of Dr. Oden, the trial court determined that Dr. Oden’s reliance on his attorney’s misrepresentations was not justified. The trial court’s decision was based on Dr. Oden’s level of education and the fact that he testified that he had become convinced as “early as 1989” that his attorney was not telling him the truth. In denying Oden’s motion, the trial court made the following pertinent finding:
“That Dr. Oden was not justified in his prolonged reliance on [his attorney’s] alleged misrepresentation is, the Court finds, placed beyond reasonable argument by Dr. Oden’s testimony in open court *949 which does not appear in the Oden affidavit. Upon the hearing, Dr. Oden testified that in late 1988 or early 1989 he became convinced that [his attorney] was lying to him about the status of his case. His suspicion was so profound that he even wrote to Dr. Paul Hubbert, the Executive Secretary of the Alabama Education Association, complaining about [his attorney] and questioning his competence. Plainly, if a party has reached a point that he believes his own attorney is lying to him with regard to the matter in litigation, that party is not justified in continuing to place reliance for over a year on the same or similar false weekly reports from that attorney that the case is proceeding properly and is soon to be heard. If, as he claims, Dr. Oden continued to rely on the statements of his attorney, after he became convinced, in ‘early 1989,’ that his attorney was not telling him the truth about the status of his ease, that reliance was not justified, particularly where, as here, the party is well educated and experienced in legal proceedings. In brief, the Court finds that Dr. Oden, under all the circumstances, and notwithstanding his claimed ‘weekly’ calls to [his attorney], was not sufficiently diligent in protecting his own interests so that he can now complain of the consequences of his own neglect.”
We do not find the testimony concerning Dr. Oden’s query of his attorney’s competence to be significant enough to refute the supreme court’s previous finding that Dr. Oden was extraordinarily diligent in his efforts to comprehend the logistics of his pending action “in spite of his lawyer’s alleged misrepresentations.”
Dr. Oden did testify that he questioned his attorney’s competency and his propensity for telling the truth. His testimony, however, should be viewed in conjunction with his affidavit. In particular, Dr. Oden stated in his affidavit the following:
“6. In April of 1989, my attorney-of-reeord informed me that Judge Hundley had directed the parties to file new briefs on the ease. On May 19,1989, after many requests from me, my attorney-of-reeord finally sent me copies of the School Board’s response to my motion for summary judgment and its motion for summary judgment and supporting documents. My attomey-of-record told me that this paperwork had been filed by the School Board in May 1989 in response to his new brief which he had filed in April of 1989. I have now compared this paperwork with the actual filings and now know that the documents sent me in May of 1989 were copies of the documents filed by the School Board’s attorney in September of 1988 in opposition to my motion for summary judgment and in support of their own motion. On the copies my attomey-of-record sent to me, the certificate of service was deleted.
“7. From May, 1989, through the first week of November, 1989, I continued to call my attorney-of-record on a weekly or bi-weekly basis as to the status of my case. He continually told me that he was waiting for the Morgan County court system to set a date for hearing on the pending motions. He complained to me about how messed up the court system was in Morgan County and told me his strategy was to combine my case with one out of Mobile County and appeal them both directly to the Supreme Court. Before he could do that, however, he informed me that one of the cases would have to receive a ruling.”
Although the trial court determined that Dr. Oden’s reliance was not justified since he questioned the competency of his attorney, the suspicion Dr. Oden had concerning his attorney arose because his attorney would promise to send him documents and would never follow through. On May 19, 1989, however, his attorney did send him the School Board’s response to his motion for summary judgment. It is, therefore, logical to conclude that because his attorney sent him the requested documents, his faith in his representation was renewed.
In any event, the evidence is undisputed that Dr. Oden repeatedly contacted his attorney concerning the progress of his case and that his attorney repeatedly and deliberately misrepresented the status of the case. The fact that there was deliberate misrepresentation is bolstered by the fact that Dr. Oden *950 sued the attorney and the Alabama Education Association for fraud and misrepresentation. While the action did not proceed to trial, it was undisputed that the parties agreed to settle the matter in favor of Dr. Oden.
The trial court determined that Dr. Oden’s reliance on his attorney’s representations was not justified because of Dr. Oden’s educational level and his experience with legal proceedings. Although it is true that Dr. Oden holds a doctorate degree, that degree is in education and not in law. Dr. Oden’s doctorate degree in education did not automatically cloak him with an understanding of the law, such that he no longer needed to rely on his fiduciary relationship with his attorney. To hold otherwise would mean that at all times Dr. Oden should have independently known the status of his case, even under the extraordinary circumstances of being actively and repeatedly misled by his own attorney.
Rule 60(b) is remedial in nature and should be liberally applied. Cleveland v. Monroe, 474 So.2d 80 (Ala.1985). Generally, defaults and dismissals are disfavored and cases should be tried on the merits. Cleveland. Where timely relief is sought and the petition has a meritorious claim, any doubt should be resolved in favor of setting aside the default. Cleveland.
We find that Dr. Oden’s diligence in the face of his attorney’s persistent inaction, manipulation, and deception presented the sort of extraordinary circumstances contemplated by Rule 60(b)(6). We, therefore, hold that the trial court erred in denying Dr. Oden’s motion.
The trial court further determined that Dr. Oden’s 60(b)(6) motion was not filed within a reasonable time. The trial court found that a reasonable time for filing such a motion, based on alleged fraud of one’s own attorney, “should ... not be longer than the period permitted for seeking relief when the fraud or misconduct of an adverse party is made the basis of a motion under Rule 60(b)(3).”
The trial court’s determination is not logical in view of the supreme court’s remand. The supreme court remanded the case after determining that Rule 60(b)(6) was applicable, with full knowledge that the judgment was entered on March 31, 1989, and that Dr. Oden did not file a Rule 60(b)(6) motion until April 16, 1990, well past a four-month time limitation. Although the issue was not directly addressed in the supreme court’s opinion, it can be inferred that the court found the motion to be timely in view of its remand for reconsideration. We find this conclusion buttressed by statements of the court in Kazakevich v. Board of Trustees of the University of Alabama, 642 So.2d 946 (Ala.1994).
The judgment of the trial court is reversed and the cause is remanded for a hearing on the merits of the claim. The trial court should consider the observations made by the supreme court concerning “unresolved issues as to the merits of Dr. Oden’s claims and the Board’s defenses.” Ex parte Oden, 617 So.2d 1020, 1028 (Ala.1992).
We have withdrawn our original opinion in this case upon motion of the appellee for rehearing and substituted this opinion in lieu thereof, not because we consider our original opinion erroneous, but because we deem this opinion to address more clearly the issues.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING GRANTED; REVERSED AND REMANDED WITH DIRECTIONS.
ROBERTSON, P.J., and THIGPEN and YATES, JJ., concur.
MONROE, J., concurs in result only.
CRAWLEY, J., dissents.